1  SEYFARTH SHAW LLP
   Nick C. Geannacopulos (SBN 114822)
2  E-mail: ngeannacopulos@seyfarth.com
   Laura Maechtlen (SBN 224923)
3  E-mail: lmaechtlen@seyfarth.com
   Brian Wong (SBN 260913)
4  E-mail: bwong@seyfarth.com
   Courtney K. Bohl (SBN 278812)
5  E-mail: cbohl@seyfarth.com
   560 Mission Street, 31st Floor
6  San Francisco, California 94105
   Telephone:    (415) 397-2823
7  Facsimile:    (415) 397-8549

8  SEYFARTH SHAW LLP
   Kristina M. Launey (SBN 221335)
9  klauney@seyfarth.com
   400 Capitol Mall, Suite 2350
10 Sacramento, CA 95814-4428
   Telephone:    (916) 448-0159
11 Facsimile:    (916) 558-4839

12 Attorneys for Defendants
   WINCO FOODS, LLC and WINCO HOLDINGS,
13 INC.

14 LITTLER MENDELSON
   Michael W. Warren, Esq (SBN 223642)
15 E-mail: mwarren@littler.com
   50 W. San Fernando Street, 15th Floor
16 San Jose, California 95113
   Telephone:    (408) 998-4510
17 Facsimile:    (408) 288-5686

18 Attorneys for Defendants
   WINCO FOODS, LLC, WINCO HOLDINGS, INC.,
19 WINCO FOUNDATION, INC.,

20 JON M. ICHINAGA (#137290)
     Chief Counsel
21 MARI MAYEDA (#110947)
     Associate Chief Counsel
22   Mari.Mayeda@dfeh.ca.gov
   JULIA L. MONTGOMERY (#184083)
23   Senior Staff Counsel
     Julie.Montgomery@dfeh.ca.gov
24 ALEXANDRA SELDIN (#239708)
     Senior Staff Counsel
25   Alexandra.Seldin@dfeh.ca.gov
   KATHLEEN W. MIKKELSON (#56896)
26   Senior Staff Counsel
     Kathy.Mikkelson@dfeh.ca.gov
27 DEPARTMENT OF FAIR EMPLOYMENT
     AND HOUSING
28 2218 Kausen Drive, Suite 100

**FILED**

APR 1 8 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STIPULATION REGARDING WITHDRAWAL OF MOTION TO INTERVENE; [PROPOSED] ORDER
17135783v.3

1  Elk Grove, CA 95758
   Telephone: (916) 478-7251
2  Facsimile: (888) 382-5293

3  Attorneys for Phyllis W. Cheng, Director of
   The Department of Fair Employment and Housing
4

5
                   UNITED STATES DISTRICT COURT
6
                   NORTHERN DISTRICT OF CALIFORNIA
7

| PHYLLIS W. CHENG, in her official capacity as DIRECTOR OF THE CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California, on behalf of Real Parties in Interest and all Similarly Situated Individuals,<br><br>Plaintiff,<br><br>v.<br><br>WINCO FOODS, LLC; WINCO HOLDINGS, INC.,<br><br>Defendants. | Case No. 3:14-cv-00483 JST<br><br>**STIPULATION REGARDING WITHDRAWAL OF MOTION TO INTERVENE; [PROPOSED] ORDER** |
|---|---|
| CRISTINA VERDUZCO, an Individual; and ANGELINA GONZALEZ-DIAZ, an Individual, and all other similarly situated individuals,<br><br>Real Parties in Interest. | |
| VICTORIA STOWERS, an individual<br><br>Plaintiff,<br><br>vs.<br><br>WINCO FOODS, LLC; WINCO HOLDINGS, INC.; WINCO FOUNDATION, INC.,<br><br>Defendants. | Case No. 3:13-cv-02631 TEH |

**STIPULATION REGARDING WITHDRAWAL OF MOTION TO INTERVENE**

Pursuant to Civil Local Rule 7-12, Defendants WINCO FOODS, LLC and WINCO HOLDINGS, INC. (collectively "Defendants" or "WinCo") and Plaintiff PHYLLIS W. CHENG,

2

1  in her official capacity as DIRECTOR OF THE CALIFORNIA DEPARTMENT OF FAIR
2  EMPLOYMENT AND HOUSING ("DFEH") stipulate to the following:
3      1. On January 17, 2014, DFEH filed a Motion to Intervene in the case entitled *Stowers v.*
4  *WinCo Foods, LLC, et al.*, Case No. 3:13-cv-02631-THE ("*Stowers*"), currently pending before
5  the Northern District of California. On January 24, 2014, DFEH filed an amended Motion to
6  Intervene. In support of its Motion, DFEH argues that it has a protectable interest in enforcing
7  the statutes allegedly violated in *Stowers*, which is not adequately represented by the existing
8  private party and may be impaired if intervention is denied.
9      2. On January 31, 2014, DFEH filed the lawsuit entitled, *Phyllis W. Cheng in her official*
10 *capacity as Director of the California Department of Fair Employment and Housing, v. WinCo*
11 *Foods, LLC and WinCo Holdings, LLC*, case no. CV-14-0483 JST ("*Cheng*").
12     3. On February 7, 2014, Defendants filed their opposition to DFEH's Motion to
13 Intervene, arguing that the allegations of DFEH's Complaint-In-Intervention are different than
14 those alleged in Stowers's Complaint, and DFEH's Complaint-In-Intervention would
15 impermissibly expand the scope of the *Stowers* litigation.
16     4. On February 14, 2014, DFEH filed its Reply Brief in support of its Motion to
17 Intervene.
18     5. On March 3, 2014, the Court held oral argument on DFEH's Motion to Intervene. The
19 Court took DFEH's Motion under submission pending Stowers's filing of an amended
20 complaint.
21     6. DFEH agrees to withdraw its pending Motion to Intervene in *Stowers* without
22 prejudice in exchange for all of the following:
23         a. Defendants agree they will not, in the *Cheng* matter or in any other action brought
24            by the DFEH involving the same fully-healed or leave policies the DFEH alleges
25            are unlawful in *Cheng,* cite to, refer to or otherwise use against DFEH or the
26            *Cheng* Real Parties in Interest any determinations made by the *Stowers* Court
27            regarding those allegedly unlawful fully-healed or leave policies ("policy
28            determinations"). However, Defendants may cite or refer to such policy

determinations in direct response to DFEH's or a Real Party in Interest's citation or reference to such policy determinations.

    b. Defendants agree they will not oppose DFEH filing amicus briefs in *Stowers* relating to any issues regarding the allegedly unlawful fully-healed or leave policies described in Paragraph 5.a.

    c. WinCo will send DFEH a courtesy copy of all notices of deposition in the *Stowers* matter and will not object to DFEH's attendance at those depositions. This obligation does not extend to any depositions during which there is no reasonable expectation that the allegedly unlawful fully-healed or leave policies described in Paragraph 5.a. will be a topic of examination. The Parties agree that if DFEH chooses to attend, a maximum of two DFEH attorneys may attend each deposition. DFEH's participation in any such depositions will be limited to attendance and observation only. DFEH may not ask questions of any witnesses during such depositions and will not interpose objections to questions asked during the deposition. The depositions will not count as depositions taken by DFEH in the *Cheng* matter.

7. DFEH and Defendants agree that in the event DFEH were to re-file its Motion to Intervene in *Stowers*, this stipulation would be rendered void.

DATED: April 17, 2014

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Kristina M. Launey*
      Kristina M. Launey

Attorneys for Defendants
WINCO FOODS, LLC and WINCO HOLDINGS, INC.

*[Signatures continued next page ... ]*

DATED: April 17, 2014                                    LITTLER MENDELSON

                                        By: */s/ Michael W. Warren*
                                            Michael W. Warren

Attorneys for Defendants
WINCO FOODS, LLC and WINCO HOLDINGS, INC.

DATED: April 17, 2014                                    DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

                                        By: */s/ Alexandra Seldin*
                                            Alexandra Seldin
                                            Julia L. Montgomery

Attorneys for Plaintiff
PHYLLIS W. CHENG, DIRECTOR OF THE CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

## SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED: April 17, 2014                    By:     */s/ Kristina M. Launey*
                                                                 Kristina M. Launey

STIPULATION REGARDING WITHDRAWAL OF MOTION TO INTERVENE; [PROPOSED] ORDER
17135783v.3

Pursuant to stipulation, IT IS SO ORDERED.

DATED: April 17, 2014        By: _____
The Honorable Jon S. Tigar
Judge, United States District Court
For the Northern District of California

DATED: April 17, 2014        By: _____
The Honorable Thelton E. Henderson
Judge, United States District Court
For the Northern District of California

In case number 14-cv-00483, no part of this order shall be construed as limiting the authority of Judge Tigar to consider, rely upon, or cite any decision of Judge Henderson.

IT IS SO ORDERED.

_____

6

STIPULATION REGARDING WITHDRAWAL OF MOTION TO INTERVENE; [PROPOSED] ORDER
17135783v.3